# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 01:11-CR-301** |
| **v.** | : | |
| | : | **(J. Conner)** |
| **RAMIL KISMAT,** | : | |
| **SERGEY SOROKIN,** | : | |
| **Defendants.** | : | |

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

The government respectfully requests the Court to include the attached

instructions in its charge to the jury and requests leave to offer such other and

additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Michael A. Consiglio
MICHAEL A. CONSIGLIO
Assistant United States Attorney
Atty ID No. PA 76103
228 Walnut Street
Harrisburg, Pennsylvania 17108
(717) 221-4482
(717) 221-4493
Michael.Consiglio@usdoj.gov

Dated: November 20, 2012

# JURY INSTRUCTION NO. 1.
## "SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY" DEFINED
## (18 U.S.C. §§ 1343, 1344)

Any element that the government must prove beyond a reasonable doubt for the crimes of bank fraud and wire fraud is that the defendant knowingly devised or willfully participated in a scheme to defraud the victim of money or property by materially false or fraudulent pretenses, representations or promises. A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent representations. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment. The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a

reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendants originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the overall scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the overall scheme charged in the indictment, you should then consider the second element.

Authority:    Third Circuit Model Jury Instructions 6.18.1341-1

# JURY INSTRUCTION NO. 2
## "INTENT TO DEFRAUD" DEFINED
### (18 U.S.C. §§ 1343, 1344)

The second element that the government must prove beyond a reasonable doubt for the offense of bank fraud and wire fraud is that the defendant acted with the intent to defraud these financial institutions or victims in this case.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else at the expense of the financial institution or victims or with a desire or purpose to cause some loss to the financial institution or victims.

Authority:  Third Circuit Model Jury Instructions 6.18.1344-2, 6.18.1341-4

**JURY INSTRUCTION NO. 3**
**BANK FRAUD - ELEMENTS OF THE OFFENSE**
**(18 U.S.C. § 1344)**

Count One of the indictment charges the defendants Sergey Sorokin and Ramil Kismat with bank fraud, which is a violation of federal law.

In order to find the defendants guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of financial institutions such as Navy Federal Credit Union, Wachovia Bank, Wells Fargo Bank, Chase Bank, and others by means of material false or fraudulent pretenses, representations or promises as detailed in Count One of the indictment;

Second: That the defendants did so with the intent to defraud these financial institutions; and

Third: That any one of these financial institutions were then insured by the Federal Deposit Insurance Corporation.

Authority:    Third Circuit Model Jury Instructions 18.1344-1

## INSTRUCTION NO. 4
## WIRE FRAUD – ELEMENTS OF THE OFFENSE
## (18 U.S.C. § 1343)

Count Two of the indictment charges the defendants with wire fraud, which is a violation of federal law.

In order to find the defendants guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendants devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendants acted with the intent to defraud, as described above; and

Third: That in advancing, furthering, or carrying out the scheme, the defendants transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any

writing, signal, or sound of some kind by means of a wire, radio, or television

communication in interstate commerce.

Authority:    Third Circuit Model Jury Instructions 6.18.1343

# JURY INSTRUCTION NO. 5
## "TRANSMITS BY MEANS OF WIRE, RADIO, OR TELEVISION COMMUNICATION IN INTERSTATE COMMERCE" DEFINED
### (18 U.S.C. § 1343)

The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendant transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire.

The government is not required to prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that the defendant used wire, radio, or television communication in interstate commerce, or that the defendant knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that the defendant should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

Authority:    Third Circuit Model Jury Instructions 6.18.1343-1

# JURY INSTRUCTION NO. 6
## FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS – POSSESSING ANOTHER'S MEANS OF IDENTIFICATION
## (18 U.S.C. § 1028(a)(7))

The defendant is charged in Count Three of the indictment with possessing and using another person's means of identification without lawful authority in violation of Section 1028(a)(7) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed or used a means of identification of another person;

Second, the defendant did so without lawful authority;

Third, the defendant possessed or used the means of identification in connection with bank fraud and wire fraud; and

Fourth, the possession or use of the means of identification of another person was in or affected commerce between one state and another state.

Authority:    Ninth Circuit Model Criminal Jury Instruction 8.81

## JURY INSTRUCTION NO. 7
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH
## IDENTIFICATION DOCUMENTS BASIC ELEMENTS
## (18 U.S.C. § 1028(a)(7))

More detailed instructions for some of the terms specified in Count Three are as follows:

(a) The term "possession" means that the defendant had direct, physical control over the false identification documents, and knew that he had control of them.

(b) An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

(c) The phrase "affected interstate commerce" means that the prohibited possession had at least a minimal nexus with interstate commerce. This means that the document's possession had some effect upon interstate commerce. For instance, a showing that a document feature at some time traveled or was transferred electronically across a state line in interstate commerce would be sufficient.

(d) The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The term "commerce" includes, among other things, travel, trade, transportation and communication.

The government need not prove that the defendant had knowledge of the interstate commerce nexus.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority:   Sixth Circuit Pattern Jury Instructions, Instruction 15.02; 18 U.S.C. § 1028(d)(4).

**JURY INSTRUCTION NO. 8**
**AGGRAVATED IDENTITY THEFT- BASIC ELEMENTS**
**(18 U.S.C. § 1028A)**

Count Four of the indictment charges the defendant with violating federal law by using a means of identification of another person during and in relation to a felony violation listed in the statute.

The defendant can be found guilty of that offense only if all of the following are proved beyond a reasonable doubt:

First: That the defendant committed either or both bank fraud or wire fraud. The violations charged in Counts One (Bank Fraud) and Count Two (Wire Fraud) are felony violations listed in the statute.

Second: That the defendant knowingly used a means of identification of another person without lawful authority.

Third: That the defendant knew the means of identification belonged to another person.

Fourth: That the use was during and in relation to the crime charged in Count One or Two.

Now I will give you more detailed instructions on some of these terms.

(a) The term "means of identification" includes any card, account number or other means of account access that can be used, alone or in conjunction with

another access device, to obtain money, goods, services, or any other thing of value. 18 U.S.C. § 1029(e)(1).

(b) The term "use" means active employment of the means of identification during and in relation to the crime charged in Count One or Two. "Active employment" includes activities such as displaying or bartering. "Use" also includes a person's reference to a means of identification in his possession for the purpose of helping to commit the crime charged in Count One or Two.

(c) An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The government is not required to prove that the defendant knew that his actions violated any particular provision of law, or even knew that his actions violated the law at all. Ignorance of the law is not a defense to this crime.

(d)  In order for you to find that the defendant acted "during and in relation to" an offense, you must find that the unauthorized use of the means of identification facilitated or played a role in the offense.   In other words, the means of identification must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count One or Two, and its presence or involvement cannot be the result of accident or coincidence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority:    Sixth Circuit Pattern Jury Instructions, Instruction 15.04
              18 U.S.C. §§1028(d)(7), 1028A(a)(1), 1029(e)(1).

# JURY INSTRUCTION NO. 9
## WILLFUL BLINDNESS

To find the defendant guilty of aggravated identity theft, you must find that the government proved beyond a reasonable doubt that the defendant knew that the credit or debit card numbers belonged to another person. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that he knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that the defendant knew that the credit or debit card numbers belonged to another person based on evidence which proves that: (1) the defendant was aware of a high probability of this fact, and (2) the defendant consciously and deliberately tried to avoid learning about this fact.

You may not find that the defendant knew that the credit or debit card numbers belonged to another person if you find that the defendant actually believed that this fact did not exist. Also, you may not find that the defendant knew that the credit or debit card numbers belonged to another person if you find only that the defendant should have known of the fact or that a reasonable person would have known of a high probability of the fact. It is not enough that the defendant

may have been stupid or foolish, or may have acted out of inadvertence or accident. You must find that the defendant was actually aware of a high probability that the credit or debit card numbers belonged to another person, deliberately avoided learning about it, and did not actually believe that it did not exist.

Authority:    Third Circuit Model Jury Instructions 5.06

# JURY INSTRUCTION NO. 10
## AIDING AND ABETTING

A person may be guilty of offenses because he personally committed the offenses himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendants aided and abetted each other in committing the offenses of bank fraud, wire fraud, identity theft, and aggravated identity theft as charged in the indictment. In order to find a defendant guilty of these offenses because he aided and abetted another in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That one of the participants committed the offense(s) charged by committing each of the elements of the offense(s) charged, as I have explained those elements to you in these instructions. This person need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that another person committed the offense(s).

Second: That the defendant knew that the offense(s) charged were going to be committed or were being committed by this other person, and

Third: That the defendant knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging this other person in committing the specific offense(s) charged and with the intent that this other person commit those specific offense(s), and

Fourth: That the defendant's acts did, in some way, aid, assist, facilitate, or encourage, this other person to commit the offense(s). The defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant was merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense(s) is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense,

you may not find the defendant guilty of the offense(s) as an aider and abetter.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by the principal as something the defendant wished to bring about and to make succeed.  The government needs to show some affirmative participation by the defendant which at least encouraged the principal to commit the offense.

Authority:    Third Circuit Model Jury Instructions 7.02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 01:11-CR-301 |
| v. | : | |
| | : | (J. Conner) |
| RAMIL KISMAT, | : | |
| SERGEY SOROKIN, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 20th day of November 2012, she served a copy of the attached

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

by electronic mail to the addresses stated below:

Gerald Lord, Esquire
glord@mpl-law.com

Dennis Boyle, Esquire
deboyle@dennisboylelaw.com


/s/ Mary Zerance
Mary Zerance
Legal Assistant

Dated: November 20, 2012