# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:11-CR-301 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **RAMIL KISMAT, and** | : | |
| **SERGEY SOROKIN** | : | |

## ORDER

AND NOW, this 22nd day of January, 2013, upon consideration of defendants Ramil Kismat and Sergey Sorokin's ("defendants") motion for acquittal or for a new trial (Doc. 76), and it appearing that a district court "must enter judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction," FED. R. CRIM. P. 29(a), and that a court engaging in a Rule 29 inquiry must "view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses," United States v. Rosario, 118 F.3d 160, 163 (3d Cir. 1997) (internal quotation marks omitted), and further that a court may vacate a judgment and grant a new trial "if the interest of justice so requires," FED. R. CRIM. P. 33(a), and that granting a Rule 33 motion is within the sound discretion of the district court, and it must evaluate the motion without viewing the evidence favorably to the government and instead "exercises its own judgment in assessing the Government's case," United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002), and the court noting that granting a new trial is only appropriate if the court "believes that 'there

is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted,'" id. (quoting United States v. Santos, 20 F.3d 280, 285 (7th Cir. 1994)), and the court noting that the government presented extensive circumstantial evidence at trial that the defendants were aware of the fraudulent nature of their activities, including but not limited to the fact that the defendants engaged in over 120 attempted transactions using credit card and debit card numbers that did not belong to the defendants, and that the defendants made purchases at separate registers in stores and at multiple stores over a period of only a few hours, and the court further holding that providing a jury with a "willful blindness" instruction was proper, and that therefore a judgment of acquittal or a new trial is therefore unwarranted, it is hereby ORDERED that the motion for a judgment of acquittal or a new trial (Doc. 76) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge